# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:05-cr-00209-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| RAPHAEL ARROYOS FERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). [Doc. 130]. The Government consents to the requested relief. [Doc. 134].

In November 2005, the Defendant pled guilty to one count of conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841 and 846 ("Count One" or "the drug trafficking count"), and one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h) ("Count Two" or "the money laundering count"). [Doc. 82]. At sentencing in August 2006, the Court determined that the laundered money that was the subject of Count Two was proceeds of the

drug trafficking charged in Count One. The Court therefore grouped the two convictions together for sentencing pursuant to U.S.S.G. § 3D1.2(c). As required by U.S.S.G. § 2S1.1(a)(1), the Defendant's base offense level for the money laundering offense in Count Two was derived from the total offense level for the drug trafficking offense in Count One. The Defendant's total offense level for the drug trafficking count was calculated to be 36, which then became the base offense level for the money laundering count. The Court determined the total offense level to be 36 and the Defendant's criminal history category to be III. This yielded an advisory Guidelines range of 235 to 293 months' imprisonment. Upon motion of the Government [Doc. 110], the Court departed downward and imposed a sentence of 200 months' imprisonment (representing 85% of the low end of the advisory Guidelines range) on each count, to run concurrently. [Doc. 112].

The Defendant now moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. Pursuant to § 3582(c)(2), the Court can reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 to the Sentencing Guidelines, which became effective on November 1, 2014, reduced the offense levels in the drug-trafficking

guidelines by two levels.  See U.S.S.G. App. C, amend. 782.  Because the Defendant's offense levels for both counts of conviction were dependent on the drug-trafficking offense level, the Defendant is entitled to a reduction under Amendment 782 on both counts of conviction.  See United States v. Torres, 856 F.3d 1095, 1099 (5th Cir. 2017).

Under amended U.S.S.G. § 2D1.1, the Defendant's total offense level is reduced from 36 to 34.  Based on that total offense level and a criminal history category of III, the Defendant's amended applicable Guidelines range is 188 to 235 months' imprisonment.  Because the Court originally imposed a sentence at 85% of the low end of the advisory Guidelines range, the Court finds that the Defendant is entitled to a sentence reduction of 159 months' imprisonment, representing 85% of the low end of the amended range.

The Supplemental Presentence Report indicates that the Defendant has a total of 192 months credited time with the Bureau of Prisons. Accordingly, the Court will resentence the Defendant to a sentence of time served plus ten days.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) [Doc. 130] is **GRANTED**, and the Defendant's sentence is hereby **REDUCED** to a term of **TIME SERVED plus ten (10) days**.

The Clerk of Court is respectfully directed to prepare an Amended Judgment in accordance with this Order.

**IT IS SO ORDERED.**

Signed: August 12, 2019

Martin Reidinger
United States District Judge